UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Markeith C. Thomas,

       Plaintiff,

v.

Hennepin Healthcare System, Inc.
d/b/a Hennepin County Medical Center,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-1842 ADM/HB

_____

Stephen M. Thompson, Esq., Friederichs & Thompson, PA, Bloomington, MN, on behalf of Plaintiff.

Martin D. Munic, Esq., Hennepin County Attorney's Office, Minneapolis, MN, on behalf of Defendant.

_____

## I.  INTRODUCTION

On January 5, 2015, the undersigned United States District Judge heard oral argument on Defendant Hennepin Healthcare System, Inc.'s d/b/a Hennepin County Medical Center ("HCMC") Motion to Dismiss [Docket No. 22]. Plaintiff Markeith Thomas ("Thomas") opposes the motion. For the reasons set forth below, HCMS's motion is denied.

## II.  BACKGROUND

Thomas, a Black American, commenced this action *pro se* on June 9, 2014, alleging workplace discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*, occurring between August 18, 2011 and November 5, 2013. Compl. [Docket No. 1] ¶¶ 3, 5, 8, 9. Thomas alleges he was subjected to a hostile work environment as a Protection Officer at HCMC. Id. ¶ 3. Thomas additionally alleges he experienced sexual harassment, retaliation and disparate treatment, which resulted in diagnosed anxiety, post traumatic stress disorder, and

depression. Id.

The *pro se* complaint sets forward seven paragraphs of factual basis for his claims. Id. ¶ 10. Five of the paragraphs identify instances of potentially actionable conduct occasioned by HCMC employees to other HCMC employees or visitors that Thomas witnessed, but not to Thomas himself. Id. The remaining two paragraphs do allege conduct that Thomas experienced firsthand. Id. Specifically, Thomas alleges he "[w]itnessed Jacob Barker talk down to black minority patients. Including myself" and "[w]as sexually harassed in August 2011 by Officer Gregg Hanson who was later promoted to supervisor."[1] Id.

On June 12, 2014, Magistrate Judge Graham referred the matter to the Federal Bar Association's *Pro Se* Project [Docket No. 4]. Over a month later, on July 15, 2014, and still acting *pro se*, Thomas filed an Amended Complaint [Docket No. 8] ("First Amended Complaint"). The First Amended Complaint restates his claims on the same form Thomas used previously; however, the First Amended Complaint replaces the previously attached documents with a series of new documents. Roughly three weeks after HCMC filed an Answer [Docket No. 10], attorney Tammy P. Friederichs filed a Notice of Appearance on behalf of Plaintiff Thomas [Docket No. 13]. Pursuant to a Stipulation [Docket No. 18], another Amended Complaint [Docket No. 21] ("Second Amended Complaint") was filed on October 27, 2014. The Second

---

[1] The Complaint included additional documentation supporting Thomas' claims, including: 1) a Charge of Discrimination filed with the Minnesota Department of Human Rights; 2) a letter from the Director of Security and Parking addressing Thomas' allegations of sexual harassment and racial hostility; 3) a letter from the Director of Security and Parking to Human Resources personnel discussing Thomas' allegations of racial discrimination and preferential treatment; a series of medical records; 4) a memorandum to HCMC security staff from an outside consulting and training firm tasked with investigating racial issues within the HCMC Security Department. See Compl. attach. 1.

Amended Complaint was drafted by Thomas' attorney.

The Second Amended Complaint alleges discrimination, harassment, retaliation, and reprisal under Title VII and the Minnesota Human Rights Act ("MHRA"). Second Am. Compl. ¶¶ 19-35. It is alleged that when Thomas began working for HCMC as a Protection Officer on January 5, 2009, he was subjected to race discrimination and was treated differently than Caucasian Protection Officers. Id. ¶¶ 11, 13. The discrimination included derogatory racial comments and slurs that targeted and ridiculed Blacks. Id. ¶ 14. In retaliation for opposing and reporting the discrimination—which included formal complaints, grievances and a charge with the EEOC—Thomas alleges he was subjected to adverse working conditions that created a hostile work environment resulting in forced medical leaves of absences. Id. ¶¶ 15, 16.

In the Spring of 2014, Thomas' request for a reasonable accommodation was approved and Thomas began working as a Food Service Worker on April 7, 2014. Compl. attach. 1 at 26. Shortly thereafter, on June 23, 2014, Thomas tendered a notice of resignation, effective July 7, 2014. Munic Aff. [Docket No. 25] Ex. C. Thomas alleges his resignation was involuntary and amounts to constructive termination. This suit followed.

### III. DISCUSSION

**A. Motion to Dismiss Standard of Review**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825

F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880.

A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Constructive Termination**

Thomas' claim of constructive termination fails. Although he resigned, Thomas alleges the discrimination and harassment he suffered amounted to constructive termination. An employee is constructively terminated only if: 1) his working environment is objectively intolerable, and 2) either the employer intends to force the employee to quit or it is reasonably foreseeable that the employer's actions would cause the employee to quit. Carpenter v. Con-way Cent. Express, Inc., 481 F.3d 611, 616-17 (8th Cir. 2007).

The allegations of discrimination and harassment center around the conditions Thomas experienced while working in the Protection Department. Indeed, the Second Amended Complaint claims Thomas was treated differently than the Caucasian Protection Officers. Second Am. Compl. ¶ 24. Further evidence connecting the claimed conduct to his employment

in the Protection Department can be found in the previous pleadings. See, e.g., Am. Compl. ¶ 10. Thomas presents no evidence showing that HCMC was engaging in the behavior in an effort to force him to quit. Further, Thomas himself did not quit until he received a transfer to a different department in April 2014, after which Thomas does not claim any discrimination or other actionable conduct occurred. The pleadings bracket the harassing and discriminatory events between August 18, 2011 and November 5, 2013. Second Am. Compl. ¶ 13. After receiving an accommodation in April 2014, Thomas did not resign until June 23, 2014, over seven months after the reported discrimination stopped. There is no causal connection between when the alleged behavior ceased and Thomas' transfer to a new position and subsequent termination. The chronology is too attenuated to sustain a claim of constructive termination. See Summit v. S-B Power Tool, 121 F.3d 416, 421 (8th Cir. 1997), cert. denied, 523 U.S. 1004 (1998) (noting that quitting must be "a reasonably foreseeable consequence of the employer's discriminatory actions.").

**C. Title VII and MHRA Claims**

HCMC argues that the Second Amended Complaint fails to allege facts beyond mere labels and conclusions and is thus insufficient to state a plausible claim for relief. In response, Thomas argues that the facts sufficiently allege a cause of action that satisfies the requisite pleading standards.

The Second Amended Complaint's conclusory allegations fail to plausibly plead a viable Title VII or MHRA claim. Thomas' allegations are fatally flawed because they lack identifiable events or actions to support his claims. Plaintiff cites a recent Eighth Circuit decision for the proposition that employment based discrimination complaints need not set forward specific facts

to survive a motion to dismiss.  Jones v. City of St. Louis, Mo., 555 Fed.Appx. 641 (8th Cir. 2014) (per curium).  The plaintiff in Jones, however, pled more than a conclusion that discrimination occurred, as Thomas does here.  For example, Jones, an African American electrician, alleged that his supervisor would not accept his health release for a medically-related work absence but physician statements from his white colleagues were accepted.  Id. at 642.  Further, Jones alleged he was required to perform a fit-for-duty evaluation stemming from an incident involving a vehicle while white workers were not required to do so despite similar circumstances.  Id.

Thomas' Second Amended Complaint is based solely on conclusions without any context or narrative.  Nevertheless, Thomas' *pro se* Complaint and First Amended Complaint indicate that some actionable conduct may be plausibly alleged.  Normally, when an amended complaint is filed, the original complaint loses any legal effect.  See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000).  This well-established rule precludes any force the Complaint or the First Amended Complaint has on the present motion and supports dismissal of this case.  Restraint, however, is warranted when dismissal may extinguish a potentially actionable legal theory mainly due to its inartful construction.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that, unless evidence of undue delay, bad faith, or dilatory motive is present, leave to amend should be freely given if the underlying facts or circumstances may be a proper subject of relief).  Using the judicial discretion authorized by Federal Rule of Civil Procedure 15(a)(2), Thomas will be given until February 27, 2015 to allege a plausible claim or an Order dismissing this suit will be entered at that time.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Docket No. 22] is **DENIED**.

2. Plaintiff must file a Third Amended Complaint by February 27, 2015 or the matter will be dismissed at that time.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 4, 2015.